OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, without costs, the determination of the Board of Parole reinstated, and the petition dismissed.
Petitioner was convicted of grand larceny in the second degree and was sentenced on January 16, 1980, to an indeterminate period of zero to three years in prison. The sentencing court did not set a minimum period of incarceration (MPI). Under the law in existence at the time of sentencing, if the sentencing court in its discretion did not set an MPI, the State Board of Parole was empowered to do so. The Board of Parole did not set petitioner’s MPI, however, until April 27, 1982, after his conviction had been affirmed and he had surrendered to serve his sentence. His MPI was. set at 28 months.
In this CPLR article 78 proceeding, petitioner challenges the authority of the Board of Parole to fix his MPI. This claim is grounded on an amendment to subdivision 3 of section 70.00 of the Penal Law that took effect after he was sentenced but before his MPI was set. Effective September 1, 1980, the authority of the Board of Parole to fix MPI’s was repealed and exclusive power for establishing MPI’s was vested in the sentencing court (see L 1980, ch 873).
*638 Petitioner’s argument that the amendment should be applied retroactively to require his return to the sentencing court for the setting of an MPI is unpersuasive. At the time petitioner was sentenced, the Board of Parole had authority to fix petitioner’s MPI. Only petitioner’s release pending appeal prevented the board from acting before the amendment’s effective date. A prime goal of the legislation was to eliminate duplication by placing the function of setting MPI’s in one body (see memorandum of Governor on approving L 1980, ch 873, McKinney’s 1980 Session Laws of NY, p 1922). This purpose would not be furthered by requiring that inmates sentenced before September 1, 1980, but whose MPI’s were set after that date by the Board of Parole, be returned to the sentencing court for a new MPI determination. That the Legislature did not intend the amendment to apply to defendant’s sentence prior to its effective date is also reflected in its failure to repeal subdivision 1 of section 259-i of the Executive Law, which sets forth the procedures that the board must follow in setting MPI’s where the sentencing court has not done so. Although section 259-i does not confer any independent authority on the Board of Parole to set MPI’s, the failure to repeal it indicates that the Legislature contemplated that the Board of Parole would continue to set MPI’s for persons sentenced before September 1, 1980. The Board of Parole, therefore, acted within its authority when it established petitioner’s MPI.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur in memorandum.
Order reversed, etc.