■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO GRANADO, Appellant. [635 NYS2d 213] —Judgment, Supreme Court, New York County (Bernard Fried, J.), rendered December 8, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 6 to 12 years, unanimously affirmed.

The trial court appropriately closed the courtroom during the testimony of the undercover officer, based on the officer's testimony at a *Hinton* hearing, that he was then actively engaged in undercover work in the particular area of the instant arrest, which was readily accessible from the New York County courthouse, and that out of approximately 20 arrests made in the area based upon his undercover activities, about half were still pending. In these circumstances, closure of the courtroom during the undercover officer's testimony was warranted to avoid endangering his safety (*People v Martinez,* 82 NY2d 436, 443).

Police testimony elicited in accordance with the trial court's prior *Ventimiglia* ruling, regarding observation of a brief encounter between defendant and his companion and an unidentified couple just prior to the charged drug sale, without any mention of an alleged exchange, did not constitute evidence of an uncharged crime, and was properly admissible as probative of the contested events leading to defendant's arrest (*see, People v Torres,* 170 AD2d 316, 317, *lv denied* 78 NY2d 958).

The police testimony regarding a typical buy and bust operation in no way suggested a link between defendant and general drug activity, and was properly admitted to demonstrate that the general area of defendant's arrest was targeted by the police because of community complaints and as useful background information explaining police presence and conduct (*People v Garcia,* 213 AD2d 249, *lv denied* 85 NY2d 973). In any event, any prejudice to defendant was effectively eliminated by the trial court's prompt limiting instructions, presumably understood and followed by the jury (*see, People v Davis,* 58 NY2d 1102, 1104). Concur—Ellerin, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.