■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD GRZEBYK, Appellant. [675 NYS2d 905] —Appeal by defendant from a judgment of the Supreme Court, Kings County (Vaughan, J.), rendered October 20, 1996, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence that a "Street Narcotic Enforcement Unit" was deployed to the area where the defendant was arrested because there had been community complaints, was properly admitted as useful background information explaining the police presence and conduct (*see, People v Granado,* 222 AD2d 286; *People v Rodriguez,* 219 AD2d 522; *People v Garcia,* 213 AD2d 249). Any prejudice to the defendant was effectively eliminated by the trial court's prompt limiting instructions, presumably understood and followed by the jury (*see, People v Granado, supra*). Bracken, J. P., Thompson, Sullivan and Pizzuto, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK LaROCCO, Appellant. [675 NYS2d 320] —Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Finnegan, J.), imposed September 17, 1997, on the ground that it is excessive.

Ordered that the sentence is affirmed.

The People do not contest the defendant's claim that his waiver of the right to appeal was ineffective (*see, People v Callahan,* 80 NY2d 273; *People v Seaberg,* 74 NY2d 1). We have considered the defendant's contention that his sentence was excessive, and find it to be without merit (*see, People v Kazepis,* 101 AD2d 816). Mangano, P. J., Bracken, Copertino, Sullivan and McGinity, JJ., concur.