■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MEDINA, Appellant. [688 NYS2d 519] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered March 12, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court appropriately exercised its discretion, in the interest of clarity (*compare, People v Moulton*, 43 NY2d 944, *with People v Yut Wai Tom*, 53 NY2d 44, 57), in interrupting defendant's direct examination of a police detective called as a defense witness, and having a conference with counsel and the witness, outside the presence of the jury, which caused the witness to explain a purported inconsistency elicited by defendant. In any event, were we to find the court's actions to be error, we would find the error to be harmless because, absent the court's intervention, the People would have inevitably elicited the same explanation for the purported inconsistency, and the court's intervention did not render ineffective defendant's limited (*see,* CPL 60.35) impeachment of his own witness. More-

over, the purported inconsistency was collateral to the issues presented at trial.

Limited police testimony regarding a typical buy and bust operation and street-level narcotics transactions was properly admitted and did not mislead the jury into believing that defendant was part of a large-scale narcotics organization or divert its attention to the drug trade in general rather than to the charges against defendant (*see, People v McAllister*, 255 AD2d 241; *see also, People v Granado*, 222 AD2d 286, *lv denied* 88 NY2d 848). Concur—Nardelli, J. P., Wallach, Lerner and Andrias, JJ.