■ In the Matter of DAVID McCULLOUGH, Appellant, v STATE OF NEW YORK, Respondent. [718 NYS2d 115] —Cardona, P. J. Appeal from an order of the Court of Claims (Hanifin, J.), entered December 10, 1999, which denied claimant's application pursuant to Court of Claims Act § 10 (6) for permission to file a late notice of claim.

Claimant, an inmate, commenced a small claims action in City Court of the City of Syracuse, Onondaga County, based upon the alleged destruction of his personal property. The court's supervising Judge returned claimant's papers advising that an appearance was required and a transport order would not be authorized for that purpose. Following unsuccessful attempts at appellate review, claimant served a notice of claim against the State based upon City Court's failure to entertain his small claims action. After the claim was dismissed as untimely, claimant sought permission to file a late notice of claim. The Court of Claims denied the application finding the claim barred by the doctrine of judicial immunity, resulting in this appeal.

Assuming without deciding that the doctrine of judicial immunity is inapplicable in the circumstances at hand, we conclude that the present matter is not appropriate for adjudication in the Court of Claims. We note that "[j]urisdiction reposes in the Court of Claims where 'the essential nature of the claim [against the State] is to recover money', but not where * * * 'monetary relief is incidental to the primary claim'" (*Harvard Fin. Servs. v State of New York*, 266 AD2d 685, quoting *Matter of Gross v Perales*, 72 NY2d 231, 236). Claimant's primary claim is that City Court was obligated to entertain his small claims action, a claim which is subject to judicial review in a proceeding in the nature of mandamus to compel (*see, Matter of National Auto Weld v Clynes*, 89 AD2d 689). The damages sought by claimant, which are the same as those sought in the small claims action, are purely incidental to the mandamus claim. Accordingly, based upon the above

analysis, it was not error to deny claimant's application to file a late notice of claim.

Crew III, Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.