■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEXTER WASHINGTON, Appellant. [726 NYS2d 5] —Judgment, Supreme Court, New York County (John Bradley, J., on motion to relieve counsel; Antonio Brandveen, J., at suppression hearing, jury trial and sentence), rendered October 15, 1997, convicting defendant of burglary in the first degree (two counts), robbery in the first and second degrees and resisting arrest, and sentencing him, as a second violent felony offender,

to three concurrent terms of 25 years concurrent with terms of 15 years and 1 year, and order, same court (Edward McLaughlin, J.), entered on or about December 3, 1999, which denied defendant's motion to vacate his judgment of conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning credibility. The credible evidence clearly established the element of "physical injury" (Penal Law § 10.00 [9]; *see, People v Guidice*, 83 NY2d 630, 636; *People v Rojas*, 61 NY2d 726; *People v Mance*, 273 AD2d 34, *lv denied* 95 NY2d 906).

Defendant's suppression motion was properly denied. There is no basis upon which to disturb the court's credibility determinations, which are supported by the record. The sergeant who came upon the scene initially had probable cause to arrest defendant based upon the information provided by the victim at that time, and the officer who thereafter arrested defendant, after hearing radio transmissions describing the suspect and his location, and, who upon arriving at that location, found defendant matching that description, also had probable cause based on the fellow officer rule (*see, People v Ketcham*, 93 NY2d 416).

Defendant has failed to preserve for appellate review his contention that the court erred in permitting the People to recall the arresting officer to provide expanded testimony on the issue of probable cause after the officer had an opportunity to listen to an audiotape of the transmissions, and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in this regard (*see, People v Branch*, 83 NY2d 663; *People v Olsen*, 34 NY2d 349).

The record fails to support defendant's claims that the prosecutor withheld *Brady* or *Rosario* material. With respect to the purported criminal record of the victim, since the record on defendant's CPL 440.10 motion establishes that the victim's computerized criminal history indicated the absence of such record, the People had neither actual nor constructive notice of such record and there was no disclosure violation (*see, People v Ingraham*, 274 AD2d 828). Accordingly, the motion court properly denied defendant's motion to vacate his judgment of conviction without a hearing (CPL 440.30 [4] [c]). Defendant's remaining *Brady* and/or *Rosario* claims are entirely without merit.

Defendant knowingly and voluntarily chose to represent

himself at trial (see, *Faretta v California*, 422 US 806) and the court properly exercised its discretion in assigning him a legal advisor (see, *People v Sawyer*, 57 NY2d 12, *cert denied* 459 US 1178), to which defendant did not object.

Although defendant filed numerous CPL 440.10 motions, he did not raise his current ineffective assistance of counsel claim in those motions, and therefore his claim is not reviewable because it is based on facts dehors the record. To the extent that the record permits review, we find that during those portions of the proceedings in which defendant was represented by counsel, he received meaningful representation (see, *People v Benevento*, 91 NY2d 708, 713-714).

Defendant's various claims of misconduct by the court and prosecutor are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Williams, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.