■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MIGUEL SALINAS, Respondent. [730 NYS2d 297] —Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about June 27, 2000, which granted defendant's motion to suppress physical evidence, unanimously reversed, on the law and the facts, and the motion denied.

On April 26, 1998 at 4:30 A.M., two men approached an unmarked patrol car containing a detective and two police officers in plain clothes to report an incident wherein two Hispanic

men, one on a bicycle, one on foot, threatened them with a firearm. The two complainants made their complaint in Spanish to one of the police officers, Officer Tirado, who passed on the information to his colleagues. While the complainants were reporting the incident, two men matching the descriptions of the alleged perpetrators were spotted across the roadway. Defendant, who was on foot, was observed receiving an object from his associate on the bicycle, who then gave the bicycle to defendant,who immediately rode away. The associate, now on foot, was stopped and when a magazine loaded with .45 caliber ammunition was recovered from him, he was arrested; however he was not in possession of any firearm. The policemen got back in the patrol car and followed defendant, lost sight of him briefly, but spotted him again and observed him abandon the bicycle and run into a three-story commercial building. Upon searching the building, they found him on the third floor, lying on his back, a teddy bear beneath his head and a loaded .32 caliber revolver behind his head.

The motion to suppress should have been denied. From the outset, the police, at the very least, had a common-law right to inquire, based upon a founded suspicion that criminality was afoot, derived from the information provided by the informants. The level of suspicion rapidly escalated to reasonable suspicion that the two men had or were committing a crime, based on the officers' observation of receipt of physical property and flight, and then to probable cause, based on their finding of the magazine in the possession of defendant's associate, and, of course, the firearm in plain view next to defendant (*see*, *People v De Bour*, 40 NY2d 210, 223; *People v Holmes*, 81 NY2d 1056, 1058).

The record demonstrates that the victims/informants satisfied the standard established in *Aguilar v Texas* (378 US 108) and *Spinelli v United States* (393 US 410; *see*, *People v Griminger*, 71 NY2d 635), as to their basis of knowledge for the information reported and their reliability, such that probable cause was established, arguably, from the time defendant and his associate were spotted and observed (*see*, *People v Ketcham*, 93 NY2d 416, 419-420; *People v Simpson*, 244 AD2d 87, 91, *lv withdrawn sub nom. People v Abreu*, 92 NY2d 947; *People v Washington*, 282 AD2d 375, 376), despite the fact that the officers failed to ascertain the informants' names (*see*, *People v Kadan*, 195 AD2d 174, 178, *lv denied* 83 NY2d 854). The detective, who testified at the hearing, was an appropriate witness, even though the incident was reported to Officer Tirado, since under the "fellow officer" rule, the detective, who

was present when the complaint was made, was entitled to rely upon evidence provided by another officer as long as the police, as a whole, possessed sufficient information to support the action taken, as they did here (*see, People v Ketcham, supra; People v Washington, supra*). The detective's identification of defendant at the hearing was firm and connected him to the incident and to his associate. Finally, the detective's uncontradicted, unimpeached testimony that he found the firearm in plain view next to defendant should have been credited (*see, People v Tempton*, 192 AD2d 369, 370, *lv denied* 82 NY2d 760). The detective had little incentive to fabricate that testimony given that he had already shown probable cause to arrest defendant, or at least reasonable suspicion that defendant had a firearm, which entitled him to frisk defendant and recover the weapon from his person. Concur—Nardelli, J. P., Williams, Tom, Mazzarelli and Marlow, JJ.