■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEWRIGHT JOHNSON JR., Appellant, v DAVID MILLER, as Superintendent of Eastern Correctional Facility, Respondent. [753 NYS2d 766] —Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered February 19, 2002 in Ulster County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was indicted on one count of murder in the second degree and one count of criminal possession of a weapon in the second degree. At the conclusion of the trial, the jury was instructed on the law applicable to both of these counts. When the jury reached a verdict on the murder charge, the jurors were brought into the courtroom and the court clerk asked them whether they found petitioner guilty or not guilty of murder in the second degree. The jury then rendered a verdict of guilty. Before they retired to deliberate further on the criminal possession of a weapon charge, the prosecution requested that the murder verdict be formally recorded by the court clerk. In complying with this request, the court clerk inadvertently inquired as to whether the jury had found petitioner guilty of murder in the first degree. Thereafter, following a guilty verdict on the criminal possession of a weapon charge, the court clerk polled the jury and again mistakenly referred to the murder charge as murder in the first degree. Petitioner was eventually sentenced to concurrent prison terms of 20 years to life on the murder conviction, correctly identified on the clerk's sentence and commitment form as murder in the second degree, and 5 to 15 years on the criminal possession of a weapon conviction. Both convictions were unanimously upheld on direct appeal (*People v Johnson*, 196 AD2d 470, *lv denied* 82 NY2d 806).

Thereafter, petitioner brought this proceeding pursuant to CPLR article 70 for a writ of habeas corpus, arguing that he is being unlawfully incarcerated because the verdict on the second degree murder charge rendered by the jury was not recorded in accordance with CPL 310.80, and the crime that was recorded, murder in the first degree, was not in accordance with the trial court's instructions. Supreme Court dismissed the petition and this appeal ensued.

We affirm. On his direct appeal, petitioner made the same arguments that he does here. Inasmuch as the First Department considered petitioner's arguments and found them to be "either unpreserved or without merit" (*id.* at 470), this proceeding is barred by collateral estoppel (*see People ex rel. Caroselli v Goord*, 268 AD2d 827, *lv denied* 94 NY2d 765). Accordingly, habeas corpus relief is unavailable to petitioner.

Cardona, P.J., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.