■ In the Matter of IRINA KIMYAGAROVA et al., Petitioners, v ELIOT SPITZER, as Attorney General of the State of New York, et al., Respondents. [791 NYS2d 610]—

Proceeding pursuant to CPLR article 78 in the nature of prohibition to bar the respondents from proceeding with the trial in an action entitled *People v Kimyagarova*, pending in the Supreme Court, Queens County, under Indictment No. 1914/03, and from disseminating written transcripts and audio recordings of conversations that were intercepted and recorded by the respondent Attorney General, Eliot Spitzer, in relation to its investigation of the petitioners.

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

Preliminarily, we note that this Court has subject matter jurisdiction to consider this prohibition proceeding challenging the authority of the Attorney General. Justice Cooperman is a proper respondent and the proceeding is therefore within the original jurisdiction of this Court (*see* CPLR 506 [b] [1]; *Matter of Law Offs. of Andrew F. Capoccia v Spitzer*, 270 AD2d 643 [2000]; *Matter of Emmi v Burke*, 236 AD2d 854 [1997]).

The extraordinary remedy of a writ of prohibition lies only where "there is a clear legal right" to such relief, and only when the body or officer involved acts or threatens to act in a manner over which he or she has no jurisdiction or where he or she exceeds his or her authorized powers in a proceeding over which he or she has jurisdiction (*see Matter of State of New York*

*v King,* 36 NY2d 59, 62 [1975]; *Matter of Kopilas v People,* 111 AD2d 174 [1985]; *see also* CPLR 7803 [2]; *Matter of Doe v Axelrod,* 71 NY2d 484, 490 [1988]). While the extraordinary remedy of prohibition may lie where the Attorney General, who is acting as a Special Prosecutor, acts outside his authority, we reject the petitioners' contention that Attorney General Eliot Spitzer did not have the authority to investigate and prosecute the petitioners for the crimes alleged in the indictment (*see* Executive Law § 63 [3]; *Matter of Mann Judd Landau v Hynes,* 49 NY2d 128 [1979]). The referral letters sent by the Superintendents of the State Police and Insurance Department to the respondent Attorney General in August 2001, which requested that the Attorney General investigate, and if necessary prosecute, offenses related to auto insurance fraud, sufficiently supported the investigation which led to the indictment and pending prosecution of the petitioners for alleged crimes involving auto insurance fraud (*see* Executive Law § 63 [3]; *Matter of Mann Judd Landau v Hynes, supra; Matter of Moe v Kuriansky,* 120 AD2d 594 [1986]).

The petitioners' remaining contentions are without merit. H. Miller, J.P., Adams, Goldstein and Spolzino, JJ., concur.