■ In the Matter of Jaime Rivera, Appellant, v Brion Travis, as Chair of the New York State Board of Parole, Respondent. [804 NYS2d 845]—

Kane, J. Appeal from a judgment of the Supreme Court (McNamara, J.), entered December 28, 2004 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondent's motion to dismiss the petition/complaint.

Petitioner is presently serving a prison sentence of 15 years to life for murder in the second degree. In November 2003, two months after the Board of Parole denied his third request for release, petitioner sought a ruling from the Board that 9 NYCRR 8001.1, 8001.2 and 8001.3 were repealed by implication as a result of an amendment to Penal Law § 70.00 (3), which eliminated the Board's authority to establish a prisoner's minimum period of imprisonment (hereinafter MPI) and gave the sentencing court exclusive authority to do so (*see* L 1980, ch 873). When the Board failed to either make a declaratory ruling or issue a statement declining to do so within 30 days as required by statute (*see* State Administrative Procedure Act § 204 [2] [a]), petitioner properly commenced this combined proceeding/action (*see* State Administrative Procedure Act § 205) seeking a declaration that Executive Law § 259-i (1) (a)

was repealed by implication as a result of the 1980 amendment and, therefore, the regulations upon which his parole release determinations have been based are null and void since they derive their authority from Executive Law § 259-i. Supreme Court granted respondent's motion to dismiss based on petitioner's failure to state a cause of action. Petitioner now appeals.

The Legislature's 1980 amendment to Penal Law § 70.00 (3) did not explicitly repeal any portion of the Executive Law (see L 1980, ch 873; *Matter of Schwimmer v Hammock*, 59 NY2d 636, 638 [1983]). While the amendment terminated the prospective applicability of Executive Law § 259-i (1) and 9 NYCRR 8001.1 and 8001.2, which all set forth the procedures for the Board to follow in setting MPIs, it had no effect on other subdivisions of the statute (see Executive Law § 259-i [2] [a], [c] [A]), nor on the guidelines found in 9 NYCRR 8001.3. These valid and effective statutory and regulatory provisions apply to parole release decisions, and the Board is specifically directed to establish and use such regulatory guidelines in making all parole decisions (see Executive Law § 259-c [4]). Petitioner's remaining contentions lack merit.

Mercure, J.P., Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.