■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEXTER WASHINGTON, Appellant, v JOHN BURGE, as Superintendent of Auburn Correctional Facility, Respondent. [816 NYS2d 650]—

Appeal from a judgment (denominated order) of the Supreme Court, Cayuga County (Peter E. Corning, A.J.), entered May 16, 2005 in a proceeding pursuant to CPLR article 70. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner commenced this habeas corpus proceeding in Supreme Court, Cayuga County, seeking his immediate release on the ground that the jail time that he served on his 1977 conviction should be credited toward his 1997 sentence. The court properly dismissed the petition. The 1997 sentence was imposed following a hearing at which petitioner was determined to be a second violent felony offender, and the judgment of conviction was affirmed (*People v Washington*, 282 AD2d 375, 375-376 [2001], *lv denied* 96 NY2d 925 [2001]). Contrary to the contention of petitioner, "[p]ursuant to Penal Law § 70.25 (2-a), [the] most recently imposed sentence was required to run consecutively to the undischarged portion of [his] prior sentence, despite the sentencing court's failure to address that issue on the record at sentencing" (*People ex rel. Smith v Burge*, 27 AD3d 1156, 1156 [2006]; *see People v Fucci*, 16 AD3d 597 [2005], *lv denied* 5 NY3d 788 [2005]; *Matter of Jackson v Wolford*, 232 AD2d 795 [1996], *lv denied* 89 NY2d 806 [1997]). Petitioner therefore was not entitled to immediate release.

We reject petitioner's further contention that the court should have converted the proceeding to one pursuant to CPLR article 78 and then reviewed the propriety of the issuance of the second amended commitment by Supreme Court, New York County. A CPLR article 78 proceeding against "a justice of the supreme court . . . shall be commenced in the appellate division in the judicial department where the [proceeding], in the course of

which the matter sought to be enforced or restrained originated, is triable" (CPLR 506 [b] [1]; *see Matter of Baba v Evans*, 213 AD2d 248 [1995], *cert denied sub nom. Baba v 1133 Bldg. Corp.*, 520 US 1254 [1997]; *cf. Matter of Kimyagarova v Spitzer*, 16 AD3d 507 [2005]). Supreme Court, Cayuga County, thus properly refused to convert the proceeding to a CPLR article 78 petition because such a proceeding was required to be commenced in the Appellate Division, First Department (*see Baba*, 213 AD2d 248 [1995]).

We have considered petitioner's further contentions and conclude that they are without merit. Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.