■ In the Matter of DOMINICK LaRocco, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [840 NYS2d 477]—

Appeal from a judgment of the Supreme Court (Stein, J.), entered June 9, 2006 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to adjust the term of his imprisonment.

In 1997, petitioner was convicted of attempted murder in the second degree, a class B violent felony offense, and sentenced to a prison term of 8 to 16 years. His sentence was affirmed on appeal (*People v LaRocco*, 253 AD2d 469 [1998], *lv denied* 92 NY2d 983 [1998]). In addition to addressing his sentence on the appeal of his conviction, petitioner challenged the legality of his sentence in at least two motions pursuant to CPL article 440, three proceedings for writs of habeas corpus and one other proceeding pursuant to CPLR article 78. Supreme Court, finding that the legality of petitioner's sentence had been raised and decided in other proceedings, dismissed this proceeding because it and the issue raised were barred by the principles of res judicata and collateral estoppel.

Petitioner has repeatedly litigated the identical issue which is the gravamen of his current claim, and the courts have specifically ruled on the legality of his sentence in proceedings where petitioner had a full and fair opportunity to be heard. Thus, collateral estoppel precludes petitioner from relitigating this issue (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349-350 [1999]), and res judicata bars petitioner from bringing additional actions between the same parties on the same claims based upon the same harm (*see id.* at 347-348).

Were we to reach the merits, we would observe that at the time that petitioner committed his offense and was sentenced,

Penal Law § 70.02 (3) (a) and (4) authorized the sentence imposed on petitioner as a first offender convicted of a class B violent felony offense.* Additionally, the remedy that petitioner seeks, namely recomputation of his sentence, is not available from respondents here. Department of Correctional Services officials are conclusively bound by the contents of the commitment papers accompanying an inmate (*see Matter of Murray v Goord*, 1 NY3d 29, 32 [2003]), and the Division of Parole has no authority to set petitioner's minimum period of imprisonment (*see Matter of Rivera v Travis*, 23 AD3d 942 [2005]).

We do, however, agree with petitioner's contention that, based upon his poor person status, he was not liable for any costs (*see* CPLR 1102 [d]; *Matter of Brooks v State of N.Y. Dept. of Correctional Servs.*, 242 AD2d 807 [1997]).

Cardona, P.J., Crew III, Peters, Mugglin and Kane, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as ordered petitioner to pay $300 in costs, and, as so modified, affirmed.

---

* It appears that petitioner's arguments concerning the legality of his sentence represent a failure to comprehend that New York's sentencing laws deal more harshly with certain crimes deemed violent felony offenses, such as attempted murder, than with other felonies (*compare* Penal Law § 70.02, *with* Penal Law § 70.00).