■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DEXTER WASHINGTON, Appellant, v DAVID F. NAPOLI, as Superintendent of Southport Correctional Facility, Respondent. [894 NYS2d 181]—

In 1976, petitioner was sentenced to a term of imprisonment of 0 to 4 years. He was conditionally released in 1977 and shortly thereafter committed another crime and was sentenced in 1978 to a term of imprisonment of 12½ to 25 years. Petitioner was again conditionally released in 1996 and subsequently committed additional crimes and was sentenced in 1997, as a second violent felony offender, to concurrent prison terms of 25 years for burglary in the first degree (two counts), 25 years for robbery in the first degree, 15 years for robbery in the second degree and one year for resisting arrest. The sentencing court, however, made no mention as to whether the sentences were to run concurrently or consecutively with the undischarged portions of his previous sentences. The Department of Correctional Services (hereinafter DOCS) calculated petitioner's 1996 sentence to run consecutively to his prior sentences. Petitioner commenced this CPLR article 70 proceeding challenging DOCS's computation of his sentence and the legality of his incarceration. Supreme Court denied the petition without a hearing and this appeal ensued.

We affirm. It is undisputed that petitioner is subject to the consecutive sentencing provisions of Penal Law § 70.25 (2-a) and, "when a court is required by statute to impose a sentence that is consecutive to another, and the court does not say whether its sentence is consecutive or concurrent, it is deemed to have imposed the consecutive sentence the law requires" (*People ex rel. Gill v Greene*, 12 NY3d 1, 4 [2009], *cert denied sub nom. Gill v Rock*, 558 US —, 130 S Ct 86 [2009]; *see People ex rel. Lopez v Yelich*, 63 AD3d 1433, 1434 [2009]). Accordingly, DOCS committed no error in computing petitioner's sentence (*see Matter of McMoore v Fischer*, 61 AD3d 1187, 1188 [2009], *lv denied* 12 NY3d 715 [2009]).

Regarding petitioner's challenge to his status as a second violent felony offender, this issue has already been unsuccessfully litigated (*see People ex rel. Washington v Burge*, 30 AD3d 1066 [2006], *lv denied* 7 NY3d 711 [2006]; *Matter of Washington v Lippman*, 30 AD3d 299 [2006], *appeal dismissed* 7 NY3d 898 [2006]), making this claim barred by collateral estoppel (*see Matter of LaRocco v Goord*, 43 AD3d 500, 500 [2007]; *People ex rel. Johnson v Miller*, 302 AD2d 637, 638 [2003], *lv denied* 100 NY2d 502 [2003]). Petitioner's remaining contentions have been examined and found lacking in merit.

Mercure, J.P., Rose, Malone Jr., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.