*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 14, 2016                521666
_____

In the Matter of ARTHUR M.
    ANDREWS et al.,
                    Appellants,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK et al.,
                    Respondents.
_____

Calendar Date:  February 9, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

_____

        Lippes Mathias Wexler Friedman LLP, Albany (Jeffrey P. Mans of counsel), for appellants.

        Hancock Estabrook, LLP, Syracuse (John G. Powers of counsel), for respondents.

_____

Egan Jr., J.

        Appeal from a judgment of the Supreme Court (Zwack, J.), entered November 5, 2014 in Albany County, which, among other things, converted an action into a proceeding pursuant to CPLR article 78 and granted respondents' motion for summary judgment dismissing the petition.

        Petitioners are current or former employees of respondent Department of Corrections and Community Supervision (hereinafter DOCCS) who, in turn, also are current or former members of the United States Armed Forces.  During their respective periods of employment with DOCCS, petitioners were — at different times and for varying durations — ordered to report for a period or periods of military duty.  While on military leave from their employment,

petitioners did not accrue vacation or sick leave credits because they were not "in full pay status for at least seven workdays during [the] biweekly pay period" (4 NYCRR 21.2 [b] [1]; 21.3 [b]).

In May 2013, petitioners' then counsel sent a letter to respondent Daniel F. Martuscello III, DOCCS' Director of Human Resources Management, demanding that petitioners be provided with the vacation and sick leave credits that accrued during their respective periods of military service. When no response was forthcoming, petitioners commenced this proceeding seeking, among other things, a declaration that the denial of vacation and sick leave accruals during their respective periods of military leave violated the Uniformed Services Employment and Reemployment Rights Act (see 38 USC § 4301 et seq. [hereinafter USERRA]) and Military Law § 242, an order enjoining respondents from denying them such credits during their periods of military service, an order directing respondents to calculate and credit the amount of vacation and sick leave accruals that petitioners were denied during their periods of military service, damages for respondents' allegedly willful violation of USERRA and damages equal to the value of vacation and sick leave accruals for those petitioners who no longer were eligible to receive the credits allegedly owed to them. Respondents answered and raised various affirmative defenses, including sovereign immunity, statute of limitations and failure to state a cause of action, and thereafter moved for summary judgment dismissing the petition upon those grounds.[1] Supreme Court, among other things, implicitly converted what petitioners had denominated as a declaratory judgment action into the instant CPLR article 78 proceeding and granted respondents' motion for summary judgment dismissing the petition. In so doing, Supreme Court concluded

---

[1] Although respondents couched this motion as a motion to dismiss under CPLR 3211 (a) (2), (5) and (7), the motion was made postanswer; hence, it was a CPLR 3212 motion for summary judgment that was based upon the CPLR 3211 (a) grounds asserted in respondents' answer (see Chenango Contr., Inc. v Hughes Assoc., 128 AD3d 1150, 1151 [2015]; Murray Bresky Consultants, Ltd v New York Compensation Manager's Inc., 106 AD3d 1255, 1257 n [2013]).

that respondent State of New York did not waive its sovereign immunity, that only those claims arising within the four-month statute of limitations applicable to CPLR article 78 proceedings were timely and, in any event, that petitioners failed to state a cause of action.[2]  This appeal by petitioners ensued.

We affirm.  The parties initially debate whether petitioners primarily are seeking monetary or equitable relief, whether the relief sought is retroactive or prospective in nature and the corresponding extent to which either the doctrine of sovereign immunity bars petitioners' claims or the exception carved out by Ex Parte Young (209 US 123 [1908]) allows certain of those claims to survive.  The parties also part company with respect to whether – as petitioners assert – USERRA and/or Military Law § 242 creates a plenary right of action in favor of service members alleging a violation thereof or – as respondents contend – such claims may only be asserted in the context of a CPLR article 78 proceeding.  In conjunction therewith, the parties further disagree as to which statute of limitations, if any, applies to the claims asserted by petitioners.  The parties' respective arguments on these points, however, need not detain us.  Even assuming – without deciding – that certain of petitioners' claims survive the otherwise potentially dispositive sovereign immunity and/or statute of limitations defenses, we agree with Supreme Court that the petition as a whole fails to state a cause of action and was properly dismissed upon that ground.

To understand petitioners' claims, a review of the applicable state and federal regulatory schemes is necessary.  An employee in state service "shall not earn" either annual or sick leave credits "for any biweekly pay period unless he [or she] is in full pay status for at least seven workdays during such biweekly pay period" (4 NYCRR 21.2 [b] [1]; 21.3 [b]).  Pursuant to Military Law § 242 (2), a state employee who is ordered to military duty is entitled to take a leave of absence for such

_____

[2]  Having dismissed the petition in its entirety, Supreme Court did not address petitioners' separate request for class action certification.

purpose and, consistent with the provisions of Military Law § 242 (5), is entitled to be paid his or her salary and other compensation for a specified number of days.  Upon the exhaustion of the military leave with pay afforded by Military Law § 242 (5), certain eligible state employees "shall be granted supplemental military leave with pay for a period or periods not exceeding a total of 30 calendar days or 22 working days, whichever is greater" (4 NYCRR 21.15 [a]; see also 4 NYCRR 21.16).  The parties do not dispute that, during the period of time that a state employee is on military or supplemental military leave with pay, and during such additional period of time that he or she utilizes accumulated leave credits to remain on full pay status, such employee will continue to accrue vacation and sick leave credits.  Once that employee has exhausted those available options and, hence, no longer is on full pay status, he or she — consistent with the requirements imposed by 4 NYCRR 21.2 (b) (1) and 21.3 (b) — no longer accrues such credits.

On the federal side of the equation, USERRA prohibits an employer from denying a member of the uniformed services "initial employment, reemployment, retention in employment, promotion, or any benefit of employment" based upon, among other things, such member's performance of military service (38 USC § 4311 [a]).  To that end, USERRA further provides that "a person who is absent from a position of employment by reason of service in the uniformed services shall be . . . deemed to be on furlough or leave of absence while performing such service . . . and . . . entitled to such other rights and benefits not determined by seniority as are generally provided by the employer . . . to employees having similar seniority, status, and pay who are on furlough or leave of absence under a contract, agreement, policy, practice, or plan in effect at the commencement of such service or established while such person performs such service" (38 USC § 4316 [b] [1]; see 20 CFR 1002.150 [a]).  Generally speaking, "accrual of vacation leave is considered to be a non-seniority benefit that must be provided by an employer to an employee on military leave of absence only if the employer provides that benefit to similarly situated employees on comparable leaves of absence" (20 CFR 1002.150 [c] [emphasis added]).  Further, "[i]f the non-seniority benefits to which employees on furlough or

leave of absence are entitled vary according to the type of leave, the employee must be given the most favorable treatment accorded to any comparable form of leave when he or she performs service in the uniformed services" (20 CFR 1002.150 [b] [emphasis added]). For purposes of determining whether two forms of leave are comparable, consideration should be given to the purpose of the leave and the employee's ability to choose when to take the leave, with the duration of the leave being the most significant factor (see 20 CFR 1002.150 [b]).

Petitioners' first cause of action alleges that respondents violated 38 USC §§ 4311 (a) and 4316 (b) by denying petitioners vacation and sick leave accrual credits during their respective periods of military duty – benefits that purportedly were afforded to similarly situated state employees on allegedly comparable leaves of absence. In support of this claim, petitioners did nothing more than assert in a conclusory fashion – and without reference to the allegedly applicable statutory or regulatory provisions – that such accruals and credits were "generally provided by the [s]tate . . . to such employees on [w]orkers' [c]ompensation [l]eave, jury duty, bereavement, and extended sick leave/[Family Medical Leave Act]." Noticeably absent from the petition was any evidence to support petitioners' claim that state employees who were absent from work due to one of the cited forms of leave did in fact accrue vacation and/or sick leave credits even if they were not "in full pay status for at least seven workdays during [the relevant] biweekly pay period" (4 NYCRR 21.2 [b] [1]; 21.3 [b]).[3] Finally, the petition does not set forth any factual assertions demonstrating that the leaves of absence at issue – workers' compensation, jury duty, bereavement and extended sick leave – are in fact comparable in terms of, among other things, purpose and duration to the military/supplemental military leaves applicable to petitioners (see 20 CFR 1002.150 [b]). Absent such factual allegations,

---

[3] To the contrary, the regulation governing the accrual of vacation and sick leave credits for a state employee who is on a workers' compensation leave of absence makes clear that such credits are accorded only to "[a]n employee who receives full pay for any period of leave under this section" (4 NYCRR 21.8 [e]).

petitioners' first cause of action cannot stand.

We reach a similar conclusion with regard to petitioners' second cause of action under Military Law § 242 (4), which precludes an employer from subjecting an employee on a leave of absence due to ordered military duty "to any loss or diminution of time service, increment, vacation or holiday privileges, or any other right or privilege, by reason of such absence."  As noted previously, state employees on military leave/supplemental military leave (such as petitioners) are entitled to be paid for certain specified periods of time, and the parties do not dispute that such employees also may utilize certain accrued leave credits to extend their full pay status.  While on full pay status, employees on leave for military service — like any other full pay status state employee — continue to accrue vacation and sick leave credits; once employees on leave for military service exhaust their options to remain in full pay status, they — like all other state employees on unpaid leave — no longer accrue vacation and sick leave credits.  As petitioners failed to demonstrate that they were treated differently than any other state employee on an unpaid leave of absence, Supreme Court correctly concluded that petitioners failed to state a cause of action in this regard and properly granted respondents' motion for summary judgment dismissing the petition in its entirety.[4]  In light of this conclusion, we need not address petitioners' request for class action certification.

Peters, P.J., McCarthy and Lynch, JJ., concur.

---

[4]  We note in passing that to the extent that certain respondents — namely, Andrew M. Cuomo, Anthony J. Annucci and Martuscello — were named in their individual capacities, the petition is devoid of allegations that such respondents actually acted in their individual — as opposed to their official — capacities vis-a-vis petitioners and, as such, the claims against them in their individual capacities were properly dismissed (see generally Monreal v New York State Dept. of Health, 38 AD3d 1118, 1119 [2007]; Martin v Lanigan, 150 AD2d 899, 901 [1989]).

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court