*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  May 19, 2016                521623
_____

ERWIN JACKSON,
                    Appellant,

        v                                MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____


Calendar Date:  April 19, 2016

Before:  Peters, P.J., Garry, Rose, Clark and Aarons, JJ.

                        _____


        Erwin Jackson, Elmira, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Robert M. Goldfarb of counsel), for respondent.

                        _____


Peters, P.J.

        Appeal from an order of the Court of Claims (Collins, J.), entered August 10, 2015, which, among other things, granted defendant's motion for summary judgment dismissing the claim.

        In 2008, claimant was convicted of various crimes and sentenced to an aggregate prison term of 30 years.  Although claimant's convictions were affirmed on appeal, it was determined, on the People's cross appeal, that claimant should have been sentenced as a predicate violent felony offender and the matter was remitted for resentencing (People v Jackson, 65 AD3d 1164 [2009], lv denied 13 NY3d 939 [2010]).  Claimant was thereafter resentenced in October 2009 as a persistent violent felony offender to various indeterminate terms of imprisonment (People v Jackson, 92 AD3d 958 [2012], lv denied 19 NY3d 962 [2012]).

In 2014, claimant filed the instant claim alleging false imprisonment and negligence. Specifically, claimant contends that he is being unlawfully confined because of errors in the oral pronouncement of the resentence, that the 2009 uniform sentence and commitment form does not reflect the resentence imposed by the sentencing court and that the form was not properly executed because it was not signed by the sentencing judge. Claimant also contends that the Department of Corrections and Community Supervision (hereinafter DOCCS) was negligent in confining him under the allegedly improper uniform sentence and commitment form. Following joinder of issue, defendant moved for summary judgment dismissing the claim and claimant cross-moved for sanctions. The Court of Claims denied claimant's cross motion and granted defendant's motion. This appeal ensued.

We affirm. "While jurisdiction reposes in the Court of Claims where the essential nature of the claim against defendant is to recover money, it does not lie where monetary relief is incidental to the primary claim" (Matter of Guy v State of New York, 18 AD3d 936, 937 [2005] [internal quotation marks, brackets and citations omitted]; see Matter of McCullough v State of New York, 278 AD2d 709, 709 [2000]). Here, we agree with the Court of Claims that it lacks subject matter jurisdiction on claimant's false imprisonment claim, inasmuch as his primary argument is that he is currently being confined unlawfully due to errors in resentencing and that any claim for related damages is incidental to this primary argument. Therefore, the claim for false imprisonment was properly dismissed for lack of jurisdiction.

As to the negligence claim, "prison officials are conclusively bound by the contents of commitment papers accompanying a prisoner" (Matter of Murray v Goord, 1 NY3d 29, 32 [2003]; see Matter of Jackson v Fischer, 132 AD3d 1038, 1039 [2015]). Therefore, DOCCS was required "to comply with the plain terms of the last commitment order received" (Matter of Murray v Goord, 1 NY3d at 32). Accordingly, claimant's contention that DOCCS was negligent in following the terms of the 2009 sentence and commitment order was also properly dismissed. Claimant's remaining contentions have been considered and found to be without merit.

-3-                                    521623

Garry, Rose, Clark and Aarons, JJ., concur.


ORDERED that the order is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court