Steven M. Wilson, Appellant,
against
Dr. Waseem Mir, Respondent. 




Steven M. Wilson, appellant pro se.
Pervez & Rehman, P.C. (Aneeba Rehman and Nadia M. Pervez of counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Vincent J. Martorana, J.), dated October 24, 2018. The order, insofar as appealed from, granted the branch of defendant's motion seeking summary judgment dismissing the complaint.




ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this action to recover for an alleged breach of a fiduciary duty, plaintiff appeals from so much of an order as granted the branch of defendant's motion seeking summary judgment dismissing the complaint on the ground that the complaint fails to state a cause of action. The record on appeal indicates that defendant, a physician, had been treating plaintiff's arthritis for about eight years and, in or about May 2016, defendant prescribed Otezla to plaintiff, which medication cost $2,700 per month. Defendant informed plaintiff of a pay $0 program that the manufacturer of Otezla offered to new patients, and faxed plaintiff's prescription to the appropriate company. Plaintiff received free medication for about three months, and then, months later, plaintiff received an invoice for $4,822 from the pharmacy that filled the prescription. Plaintiff called that pharmacy to inquire about the invoice and was informed that the pay $0 program has a $9,000 cap, which he had met. It is uncontroverted that the Otezla pay $0 program card, which defendant had provided to plaintiff, stated that a person would pay $0 each month for the prescription subject to "Certain restrictions," and the card listed a telephone [*2]number to call for additional information. The first time plaintiff called the number was after he had received the invoice. Plaintiff argues that, since defendant had informed him of the $0 pay program, it was not his, but rather defendant's, responsibility to pay the $4,822 invoice.
Since defendant's motion was made after his answer had been filed, the Civil Court properly treated it "as a narrowly framed post-answer CPLR 3211 (a) (7) ground asserted in a summary judgment motion [see Davis D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:28 at 47-48; C3212:20 at 29-30]" (Chenango Contr., Inc. v Hughes Assoc., 128 AD3d 1150, 1151 [2015]; see also Matter of Andrews v State of New York, 138 AD3d 1297, 1298 n 1 [2016]). In addition, "[w]hen dismissal is sought for failure to state a cause of action and, as here . . . affidavits [are submitted], a court may freely consider [those] affidavits . . . and the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (Chenango Contr., Inc. v Hughes Assoc., 128 AD3d at 1151 [internal quotation marks omitted]; see also Leon v Martinez,84 NY2d 83, 88 [1994]; Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]).
Generally, the "elements of a cause of action to recover damages for breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct" (Rut v Young Adult Inst., Inc., 74 AD3d 776, 777 [2010]; see also Litvinoff v Wright, 150 AD3d 714, 715 [2017]). A review of the record on appeal indicates that defendant made out a prima facie showing of his entitlement to summary judgment dismissing the complaint. In opposition, plaintiff failed to demonstrate any misconduct by defendant. Consequently, the Civil Court properly granted the branch of defendant's motion seeking summary judgment dismissing the complaint.
Accordingly, the order, insofar as appealed from, is affirmed.
ADAMS, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 13, 2020