Schneiderman v Brand (2023 NY Slip Op 06225)

Schneiderman v Brand

2023 NY Slip Op 06225

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Index No. 251437/14E Appeal No. 1148 Case No. 2022-00980 

[*1]Eric T. Schneiderman, etc., et al., Plaintiffs-Respondents,
v
Alan Brand et al., Defendants-Appellants.

The Law Offices of Steven L. Kessler, Harrison (Steven L. Kessler of counsel), for appellants.
Letitia James, Attorney General, New York (Daniel S. Magy of counsel), for respondents.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about October 14, 2021, which denied defendants' motion for damages and other relief arising from a settlement agreement, unanimously affirmed, without costs.
The court denied defendants' motion on two procedural grounds: the relief sought had to be brought through a pleading, rather than by motion, and the court lacked subject matter jurisdiction, because the claim was one for damages against the State of New York. Defendants waived any challenge to these holdings by failing to raise them in their initial brief on appeal (see Becker-Manning, Inc. v Common Council of City of Utica, 114 AD3d 1143, 1143—1144 [4th Dept 2014]; see also Mehmet v Add2Net, Inc., 66 AD3d 437, 438 [1st Dept 2009]).
Were we to reach the issues, we would find the court was correct that relief of this type, and any type of relief in a closed action, must be brought through a pleading (see Rubin v Napoli Bern Ripka Shkolnik, LLP, 151 AD3d 603, 604 [1st Dept 2017]). Furthermore, where, as here, the gravamen of the relief sought is money damages from the State, subject matter jurisdiction is vested exclusively in the Court of Claims (see Jackson v State of New York, 139 AD3d 1293, 1294 [3d Dept 2016)]. Nor, contrary to defendants' suggestion, can the agreement of the parties confer subject matter jurisdiction (see Caffrey v North Arrow Abstract & Settlement Servs., Inc., 160 AD3d 121, 133 [2d Dept 2018]).
We have considered defendants' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023