■ JOAN LANUTO et al., Appellants, v CHRIS CONSTANTINE et al., Respondents. [627 NYS2d 144] —Casey, J. Appeal from an order of the Supreme Court (Connor, J.), entered January 26, 1994 in Greene County, which granted defendants' motions to dismiss the complaint due to res judicata.

A prior action against defendants, in which plaintiffs sought damages for personal injuries sustained by plaintiff Joan Lanuto (hereinafter Lanuto) in an automobile accident and for her husband's derivative loss, was dismissed as the result of a summary judgment motion based upon plaintiffs' failure to demonstrate a serious injury as required by Insurance Law § 5102 (d) (see, Lanuto v Constantine, 192 AD2d 989, lv denied 82 NY2d 654). Plaintiffs thereafter commenced the instant action in which they again seek damages for Lanuto's personal injuries and her husband's derivative loss arising out of the same accident. The subsequent complaint also includes a

property damage claim. Defendant Catherine Petramale moved to dismiss the personal injury and derivative claims based upon the doctrine of res judicata and the property damage claim based upon payment. Defendant Chris Constantine moved for partial summary judgment dismissing the personal injury and derivative loss claims. The motions were granted, resulting in this appeal by plaintiffs.

Plaintiffs' only argument is that the doctrine of res judicata does not bar their claims based upon the personal injuries sustained by Lanuto in the automobile accident. Res judicata bars litigation of a claim that was either raised or could have been raised in a prior action, provided that the party to be barred had a full and fair opportunity to litigate the claim and the disposition was on the merits (see, e.g., McNeary v Senecal, 197 AD2d 835, 836). Plaintiffs do not contend that the dismissal of their prior action was not a final disposition on the merits. Rather, they claim the lack of a full and fair opportunity to litigate their claims because they now have additional medical evidence relevant to the serious injury issue that was not submitted in the prior action.

"[I]t is beyond cavil that the commencement of a subsequent proceeding simply to cure defects in the proof and to improve the quality thereof is not a distinction which precludes the application of res judicata" (Matter of Freddolino v Village of Warwick Zoning Bd. of Appeals, 192 AD2d 839, 840). Nor can plaintiffs use a subsequent action to submit proof of a different serious injury than that litigated in the prior action, for plaintiffs cannot avoid the preclusive effect of the prior action by splitting the personal injury cause of action (see, Harris v Melander, 61 AD2d 1058). There is nothing in the record to suggest that plaintiffs did not have a full and fair opportunity to present all evidence relevant to the serious injury issue on the summary judgment motion in the prior action. The doctrine of res judicata, therefore, bars plaintiffs from litigating any claim arising out of the accident that was or could have been litigated in the prior action. Supreme Court's order should be affirmed.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.