■ ELIZABETH MCDONALD, Appellant, v JOSEPHINE LENGEL, Respondent. [770 NYS2d 194]—

---

* The record does not contain a transcript indicating such admission or an order of fact finding.

Crew III, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered April 14, 2003 in Broome County, which, inter alia, granted defendant's motion to dismiss the complaint.

In August 2001, plaintiff and her mother, Mary McDonald, entered into a contract to purchase certain real property owned by defendant in Broome County. When plaintiff and McDonald were unable to obtain a mortgage commitment within the 30-day period specified in the contract, defendant refused to complete the sale, prompting McDonald to commence an action for specific performance. Following McDonald's repeated failure to comply with various discovery demands, Supreme Court, inter alia, granted defendant's motion to dismiss the action brought by McDonald and, upon appeal, we affirmed (*McDonald v Lengel,* 2 AD3d 774 [2003]). In the interim, plaintiff commenced this virtually identical action against defendant seeking specific performance of the underlying real estate contract. Defendant thereafter moved to dismiss contending, inter alia, that the instant action is barred by res judicata. Supreme Court, inter alia, granted defendant's motion, prompting this appeal by plaintiff.

We affirm. Although plaintiff indeed is correct in arguing that Supreme Court erred in dismissing the complaint based upon principles of collateral estoppel, defendant is equally correct that a valid, alternate basis for dismissal exists—namely, res judicata. In this regard, the case law makes clear that "[t]he doctrine of res judicata bars litigation between the same parties, or others in privity, of any cause of action arising out of the same transaction which either was or could have been asserted in the prior proceeding" (*Matter of State of New York v Town of Hardenburgh,* 273 AD2d 769, 772 [2000]; *see Beck v Eastern Mut. Ins. Co.,* 295 AD2d 740, 741 [2002]).

Here, plaintiff plainly is in privity with McDonald, as evidenced by the relevant contract documents bearing both their names and signatures. Additionally, plaintiff's action for specific performance, which essentially is identical to the prior action brought against defendant by McDonald, undeniably arises out of the same underlying real estate transaction and, clearly, plaintiff could have joined McDonald as a plaintiff in her action.

Finally, as a review of the record reveals that the McDonald action was dismissed "on the merits," Supreme Court's decision in that regard is entitled to preclusive effect. Accordingly, plaintiff's action for specific performance is barred by res judicata. In light of this conclusion, we need not address the alternate bases for dismissal raised by the parties.

Cardona, P.J., Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.