■ In the Matter of DONALD L. HASSIG, Appellant, et al., Petitioners, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [776 NYS2d 117]—

Mugglin, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered October 23, 2002 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Department of Environmental Conservation, inter alia, issuing a minor source air permit to respondent Chatham Forest Products, Inc.

As a precursor to the construction and operation of an

oriented strand board production facility, respondent Chatham Forest Products, Inc. applied to respondent Department of Environmental Conservation (hereinafter DEC) for a minor source air permit. The first issued permit was vacated as a result of a CPLR article 78 proceeding instituted by petitioner Donald L. Hassig (hereinafter petitioner) and others. A second application for such permit was ultimately withdrawn from consideration by Chatham after DEC indicated that such application would be denied. A third application resulted in the issuance of a final permit authorizing the operation of the facility as a synthetic minor source,* which determination petitioner challenges in this proceeding. Supreme Court dismissed the petition in full and only petitioner now appeals.

Initially, we find unpersuasive petitioner's argument that Supreme Court erroneously applied the doctrine of collateral estoppel. This doctrine proscribes the relitigation of issues finally determined in a prior proceeding so long as the parties were afforded a full and fair opportunity to litigate those issues in the prior proceeding (*see Matter of Massa v City of Kingston*, 284 AD2d 836, 840 [2001], *lv denied* 97 NY2d 603 [2001]; *Matter of Interboro Inst. v New York State Higher Educ. Servs. Corp.*, 256 AD2d 1003, 1004-1005 [1998], *lv denied* 93 NY2d 808 [1999]). In the special proceeding challenging the validity of the first issued permit, petitioner contended that a major source permit was required due to the level of emissions and that an adjudicatory hearing was required since unresolved substantive and significant issues existed. Also litigated were specific issues, including the amount of emissions of various pollutants and alleged miscalculations in the amount of wood fuel to be burned (*see Matter of Regional Action Group for Envt. v Zagata*, 245 AD2d 798, 799-801 [1997], *lv denied* 91 NY2d 811 [1998]). Since these issues were fully litigated and decided against petitioner, Supreme Court correctly determined that the doctrine of collateral estoppel precluded the relitigation of those issues here. Although some differences exist between the first application and the present application, petitioner's opposition to the final permit is not based on these differences, making the application of collateral estoppel appropriate.

Next, petitioner contends that Supreme Court was overwhelmed by the technical nature of the information before it and that it then relied too heavily on Chatham and DEC's

---

* A synthetic minor source is one which has the production capacity to emit at rates high enough to qualify it as a major source, but is subject to enforceable emissions limitations which prevent it from emitting at those rates (*see* 6 NYCRR 201-7.1, 201-7.2, 201-7.3).

calculations of the amount of wood fuel that would be consumed by the facility. Petitioner offers no opposing calculations nor does he explain the nature of any alleged error made by the court. The court must defer to the factual determinations made by an agency within its area of expertise so long as there is a rational basis for those determinations (*see Matter of Plante v New York State Dept. of Envtl. Conservation,* 277 AD2d 639, 641 [2000]; *Matter of Regional Action Group for Envt. v Zagata, supra* at 800). Supreme Court properly identified a rational basis for relying on DEC's calculations by noting that the permit contained enforceable emissions limitations based on stack testing of the actual emissions. DEC properly focused on the rate of permissible emissions, not the maximum production capacity of the plant. Thus, even if the production capacity calculations were wrong, the stack testing would still identify the maximum production rate at which the emissions limitations could be met, and the permit conditions would then prevent production from the facility at greater rates, thus insuring compliance with the emissions limitations. For the same reason, petitioner's argument that the facility proposal ought to have been processed as a major source, rather than a minor source, is without merit. Not only has Chatham agreed to emission rates well below the emission rates of a major source, but the emission rates would be sufficiently monitored to insure continuous compliance with emissions standards.

We have examined the balance of petitioner's contentions and find each to be unpersuasive. Petitioner's right to public comment on the permit application was not infringed by changes made to the final permit since the changes do not impact the potential air pollution to be emitted by the facility. Likewise, since no regulation proscribes withdrawal of a pending application, there is no merit to petitioner's present contention that withdrawal of the application constitutes a violation.

Finally, Supreme Court did not abuse its discretion in refusing petitioner's request to supplement his petition to include arguments that DEC was required to conduct an "applicability determination." This request was first made during oral argument, although petitioner admitted possessing the information prior to the return date. Therefore, we find no basis to conclude that Supreme Court abused its discretion in this regard (*see U.W. Marx, Inc. v Mountbatten Sur. Co.,* 290 AD2d 621, 623 [2002]).

Peters, Rose and Kane, JJ., concur; Crew III, J.P., not taking part. Ordered that the judgment is affirmed, without costs.