█ Benjamin A. Kinsman et al., Appellants, v Aaron Turetsky et al., Respondents. [804 NYS2d 430]—

Spain, J. Appeal from an order of the Supreme Court (Sheridan, J.), entered December 8, 2004 in Essex County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Benjamin A. Kinsman (hereinafter plaintiff) sustained personal injuries following a collision with a motor vehicle operated by defendant Aaron Turetsky. Plaintiff and his wife, derivatively, thereafter commenced an action alleging that plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). Defendants moved for summary judgment on the ground that plaintiff had not shown serious injury and Supreme Court granted the motion, dismissing the complaint, which order was affirmed by this Court (17 AD3d 751 [2005], *lv denied* 5 NY3d 705 [2005]).

Plaintiffs then commenced the instant action, this time alleging that plaintiff's economic loss arising from the same accident exceeded his basic economic loss under Insurance Law § 5102 (a) and § 5104 (a). Defendants moved for summary judgment on the ground that the action was barred by res judicata and that the statute of limitations had expired because the action was commenced more than four years after the accident. Supreme Court granted the motion and dismissed the complaint. Plaintiffs appeal and we affirm.

Res judicata will bar litigation of a claim that was either raised, or could have been raised, in a prior action provided that the party to be barred had a full and fair opportunity to litigate any cause of action arising out of the same transaction and the prior disposition was a final judgment on the merits (*see Lanuto*

*v Constantine*, 215 AD2d 946, 947 [1995]; *see also McDonald v Lengel*, 2 AD3d 1182, 1183 [2003]; *Beck v Eastern Mut. Ins. Co.*, 295 AD2d 740, 741 [2002]). Notably, " 'once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy' " (*Hydro Invs. v Trafalgar Power*, 6 AD3d 882, 884 [2004], quoting *O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]). Although plaintiff contends that his claim for economic loss had not yet accrued at the time that the prior action was commenced, the record reveals that this claim was viable before the statute of limitations had run and that plaintiffs could have moved to amend the complaint to add that cause of action (*see Lanuto v Constantine, supra* at 947; *Harris v Melander*, 61 AD2d 1058 [1978]). Inasmuch as plaintiffs instead commenced a new action based upon the same transaction, res judicata operates to bar this claim.

Plaintiffs' argument that the prior order did not terminate the action on the merits is equally unavailing. "[I]t is well settled that an order entered on a motion for summary judgment constitutes a disposition on the merits and, accordingly, is entitled to preclusive effect for purposes of res judicata" (*Bardi v Warren County Sheriff's Dept.*, 260 AD2d 763, 765 [1999]; *see Vinci v Northside Partnership*, 250 AD2d 965, 965-966 [1998]). Because the nature of the prior order evinces that it was made on the merits and with prejudice to relitigation of the earlier claim, we discern no error in Supreme Court's dismissal of the complaint.

We have reviewed plaintiffs' remaining contentions, including their assertion that they may avail themselves of the tolling provisions of CPLR 205, and find that they are either rendered academic by the foregoing conclusion or lacking in merit.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.