■ In the Matter of JAMES MARTIN, Appellant, v CENTRAL OFFICE REVIEW COMMITTEE OF NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [893 NYS2d 694]—

In December 1982, as the result of a crime spree perpetrated by petitioner and several codefendants, he was sentenced by Nassau County Court (Harrington, J.) to an aggregate prison term of 1,688 to 4,104 years for his conviction of various counts of attempted murder, rape, sodomy, assault, robbery, aggravated sexual assault and burglary. In June 1983, petitioner again appeared before that court for sentencing on separate convictions for two counts of murder in the second degree, three counts of burglary in the first degree and two counts of robbery in the first degree. Those sentences, which aggregated to 25 years to life, were ordered to be served concurrently with one another, but consecutive to those sentences previously imposed on petitioner. Subsequent to his 1983 sentences, the Department of Correctional Services (hereinafter DOCS) calculated petitioner's sentence to be 1,751⅓ years to life, with parole eligibility in September 3733.

In 1994, petitioner commenced a CPLR article 78 proceeding to challenge the calculation of his sentence by DOCS. Supreme Court (Torraca, J.) dismissed the petition on the merits. In 1997, petitioner commenced another proceeding pursuant to CPLR article 78 to challenge his sentence calculation and Supreme Court (Dadd, J.), upon motion by respondent, dis-

missed the petition as barred by the doctrines of res judicata and collateral estoppel. In 1998, petitioner moved in Nassau County Court (Dillon, J.), pursuant to CPL 440.20 (1), to set aside the sentences and that motion was denied. In 2007, respondent denied petitioner's inmate grievance challenging the calculation of his sentence, and this CPLR article 78 proceeding ensued. Respondent moved to dismiss the petition based on the principles of res judicata and collateral estoppel and Supreme Court granted the motion and dismissed the petition. Petitioner appeals and we now affirm.

"Res judicata will bar litigation of a claim that was either raised, or could have been raised, in a prior action provided that the party to be barred had a full and fair opportunity to litigate any cause of action arising out of the same transaction and the prior disposition was a final judgment on the merits" (*Kinsman v Turetsky*, 21 AD3d 1246, 1246 [2005], *lv denied* 6 NY3d 702 [2005] [citations omitted]; *see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008]; *Matter of LaRocco v Goord*, 43 AD3d 500, 500 [2007]). Similarly, collateral estoppel precludes a party from relitigating any issue that was necessarily decided in a prior proceeding between the parties (*see People ex rel. Spaulding v Woods*, 63 AD3d 1456, 1457 [2009]; *Matter of LaRocco v Goord*, 43 AD3d at 500). Inasmuch as petitioner has repeatedly litigated his contention that DOCS erred in its computation of his sentence, and that issue was specifically decided in Supreme Court's order dismissing petitioner's 1994 petition, we find that both res judicata and collateral estoppel operate to preclude petitioner from litigating this issue again.

Cardona, P.J., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.