■ THERESA KEDIK, Respondent, v BRIAN KEDIK, Appellant. [926 NYS2d 769]—

Garry, J.

During the pendency of this matrimonial action, plaintiff and defendant sold their marital residence. Plaintiff and defendant agreed with plaintiff's parents to escrow the sale proceeds in light of looming litigation regarding a mortgage on the home held by the parents. The parents thereafter commenced an action to recover on the mortgage against both parties. Plaintiff and defendant subsequently entered into an in-court stipulation agreeing, among other things, to equally divide any excess proceeds from the sale following resolution of the parents' action. Their judgment of divorce incorporated, without merging, this stipulation.

Neither plaintiff nor defendant appeared in the parents' lawsuit, and a default judgment was entered against defendant only. The parents levied upon the escrow account and the full

---

amount remaining therein was remitted, exceeding the sum of their judgment. Defendant's subsequent motion to vacate the default judgment was granted by Supreme Court (Kramer, J.) and, in accord with a settlement between the parents and defendant, the court further ordered the parents to return $40,000 to defendant. Plaintiff, who had not yet made a formal appearance, then moved to modify the order such that the money would be returned to plaintiff and defendant jointly in accord with their stipulation; Supreme Court denied this motion, without explanation. Plaintiff thereafter sought an order in this action directing defendant to pay $20,000 to plaintiff, which was granted by Supreme Court (Nolan Jr., J.). Defendant appeals.

Defendant contends that plaintiff was precluded from seeking an order directing him to pay a portion of the remaining funds to her. Finding that neither res judicata nor collateral estoppel precluded plaintiff's claim, we affirm. The doctrine of res judicata bars litigation of a claim that was or could have been raised in a prior action where the earlier disposition was a final judgment on the merits and the party had a full and fair opportunity to litigate any cause of action arising from the same transaction (*see Matter of Martin v Central Off. Review Comm. of N.Y. State Dept. of Correctional Servs.*, 69 AD3d 1237, 1238 [2010]; *Kinsman v Turetsky*, 21 AD3d 1246, 1246 [2005], *lv denied* 6 NY3d 702 [2005]). Here, there is no explanation of the basis for the denial of plaintiff's motion in the parents' action. Lacking any evidence that the prior determination was rendered "on the merits," res judicata does not bar plaintiff's motion in the present action (*compare McDonald v Lengel*, 2 AD3d 1182, 1183-1184 [2003]; *Vinci v Northside Partnership*, 250 AD2d 965, 965-966 [1998]).

The doctrine of collateral estoppel similarly bars a party in a subsequent action from relitigating an issue that has previously been decided against it (*see Huntington Natl. Bank v Cornelius*, 80 AD3d 245, 247 [2010], *lv denied* 16 NY3d 708 [2011]). However, preclusive effect will only be given when two requirements are met: "[f]irst, the identical issue necessarily must have been decided in the prior action and be decisive of the present action, and second, the party to be precluded from relitigating the issue must have had a full and fair opportunity to contest the prior determination" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *accord Matter of Howard v Stature Elec., Inc.*, 72 AD3d 1167, 1169 [2010], *lv dismissed* 15 NY3d 906 [2010]). Again, the basis for denial of plaintiff's motion cannot be gleaned from the record. Defendant has thus failed to demonstrate that the issue previously decided was identical to

and decisive of the present matter (*compare O'Connor v G & R Packing Co.*, 53 NY2d 278, 282-283 [1981]; *Matter of Howard v Stature Elec., Inc.*, 72 AD3d at 1169-1170; *Specialty Rests. Corp. v Barry*, 236 AD2d 754, 755-756 [1997]). Accordingly, plaintiff is not precluded from seeking payment from defendant, in accord with the clear terms of the parties' stipulation and judgment of divorce.

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.