09-3105-cv (L)
Pope v. Enzo Biochem.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th  day of July, two thousand eleven.

PRESENT:
　　　　　PIERRE N. LEVAL,
　　　　　GUIDO CALABRESI,
　　　　　GERARD E. LYNCH,
　　　　　　　*Circuit Judges*.

———————————————————————————

Virginia Pope, *et al*.,

　　　　　*Plaintiffs-Appellants*,

Francis Scott Hunt, *et al*.,

　　　　　*Plaintiffs*,

　　　　v.

Enzo Biochem, Inc., *et al*.,

　　　　　*Defendants-Appellees*,

Elazar Rabbani, *et al*.,

　　　　　*Defendants*.

———————————————————————————

09-3105-cv (L), 09-3167-cv (Con),
09-3278-cv (Con), 09-3634-cv (Con)

FOR APPELLANTS:        Paul Cavanagh, *pro se*, New York, NY; Virginia Pope, *pro se*,
                       New York, NY; Ken Roberts, *pro se*, New York, NY; Paul
                       Lewicki, *pro se*, Elmwood, NJ.

FOR APPELLEES:         Donald H. Chase, Morrison Cohen LLP, New York, NY;
                       JaneAnne Murray, Murray Law LLC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J*.).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs Paul Cavanagh, Virginia Pope, Ken Roberts, and Paul Lewicki, proceeding *pro se*, appeal the district court's grant of summary judgment in favor of the defendants Enzo Biochem, Inc. ("Enzo") and Barry Weiner (collectively, the "Enzo defendants"), and Heiman Gross, dismissing their fraud complaints. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We review an order granting summary judgment *de novo*. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

With respect to the claims against Gross, the plaintiffs do not challenge the district court's conclusion that they failed to offer sufficient evidence of Gross's intent to defraud. Accordingly, we affirm the judgment dismissing those claims**.**

We also affirm the judgment dismissing the claims of Roberts by reason of untimeliness for substantially the same reasons explained by the district court. The plaintiffs cite the Supreme Court's ruling in *Merck & Co., Inc. v. Reynolds*, —U.S.—, 130 S. Ct. 1784, 1796-97 (2010) in support of their contention that their limitations period did not begin to run until discovery was completed in March 2009. The *Merck* decision, however, is not controlling as it interpreted

2

federal law, and not California law, which governs this claim. Moreover, California law, unlike federal law, does not provide that the limitations period begins to run only on the plaintiff's actual discovery of the facts. *See Kline v. Turner*, 105 Cal. Rptr. 2d 699, 702 (Ct. App. 2001). We decline to consider the plaintiffs' argument that Roberts's claim is governed by New York law, as it was not raised in the district court. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[As a] general rule . . . an appellate court will not consider an issue raised for the first time on appeal.").

Finally, we affirm the dismissal of the claims raised by Lewicki, Cavanagh, and Pope against the Enzo defendants on the grounds of res judicata. We base our analysis on New York law. *See Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."). Under New York law, "[r]es judicata will bar litigation of a claim that was either raised, or could have been raised, in a prior action provided that the party to be barred had a full and fair opportunity to litigate any cause of action arising out of the same transaction and the prior disposition was a final judgment on the merits." *Kinsman v. Turetsky*, 21 A.D.3d 1246, 1246 (3d Dep't 2005); *see also O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981) ("[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy.").

"[A] judgment in a prior action is binding not only on the parties to that action, but [also] on those in privity with them." *Green v. Santa Fe Industries, Inc.*, 70 N.Y.2d 244, 253 (1987). It is of course true that Lewicki, Cavanagh, and Pope had not personally litigated their claims against the defendants. Nonetheless, Larry Glaser had brought suit against the same defendants in the District Court for the Eastern District of Virginia, asserting substantially the same claims.

3

The plaintiffs in this action had made litigation agreements with Glaser, essentially making them partners in Glaser's suit, which was ultimately dismissed on the merits. *See Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474 (4th Cir. 2006).

Glaser was represented in his Virginia action by attorney Michael Rovell. Under the litigation agreements, the present plaintiffs engaged Rovell to represent them in their respective suits against Enzo. They each contributed to the payment of Rovell's fee in Glaser's Virginia action, and received in return entitlement to share (in an amount exceeding the amount of their contributions) in any recovery Glaser might win. The agreement also gave to each of the present plaintiffs the right to prevent Glaser from settling his suit on terms not satisfactory to all three of them. The deposition testimony of the plaintiffs furthermore suggests that they had strategically delayed bringing their suit in New York until after Glaser's suit with a purpose to use any judgment in Glaser's favor to preclude the defendants in their subsequent parallel action.

The standard enunciated by New York courts to determine whether a subsequent plaintiff is barred from relitigating claims earlier prosecuted by another plaintiff with whom he is in privity is that the nonparty's interests were adequately represented. *See Green*, 70 N.Y. 2d at 253 ("Generally, to establish privity the connection between the parties must be such that the interests of the nonparty can be said to have been represented in the prior proceeding."); *Chase Manhattan Bank v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995) ("Generally speaking, one whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, although not formally a party to the litigation." *(quoting Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir. 1977). We conclude on the basis of the relationship outlined above that these conditions were satisfied.

4

Plaintiffs contend that even if they are chargeable with privity in Glaser's action, its consequence should be no greater than to preclude them from relitigating any *issue* decided against Glaser, rather than precluding them from having their own opportunity to bring their claims independently. They assert that the grounds that led the Eastern District of Virginia to dismiss his suit – his failure to plead loss causation, *see Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 342-43 (2005) – would not apply to their suit. Even if the plaintiffs are correct that on some set of facts they might be precluded from relitigating an issue determined adversely to Glaser, without being precluded from separately bringing their claims, we are persuaded that on these facts the plaintiffs sufficiently made themselves partners in Glaser's suit to justify denying them a second chance to litigate their claims.

Accordingly, the judgment of the district court is hereby **AFFIRMED**.[1]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[1] Pope's motion for a "mistrial" is denied as moot. The motion of the Enzo defendants to strike certain documents from the Appellants' Appendix is granted only with respect to the letter designated as "Confidential" pursuant to a protective order, which does not appear to be part of the record, and is otherwise denied.