■ SEE WHY GERARD, LLC, Appellant, v GRAMRO ENTERTAINMENT CORPORATION, Doing Business as THE COMEDY WORKS, et al., Respondents. [941 NYS2d 350]—

Stein, J. Appeal from an order of the Supreme Court (Devine, J.), entered December 28, 2010 in Albany County, which, among other things, granted defendants' motion to dismiss the complaint.

In December 2003, defendant Gramro Entertainment Corporation (hereinafter defendant) entered into a 61-month lease for banquet hall space located in the DeWitt Clinton building in the City of Albany. Defendants Thomas J. Nicchi and Thomas V. Nicchi guaranteed the lease. The building was subsequently sold to plaintiff and defendant's lease was assigned to plaintiff. Plaintiff offered to pay defendant to vacate the premises so that

it could convert the building into a hotel. Defendant declined and plaintiff thereafter commenced a series of legal proceedings in an effort to evict defendant and/or terminate the lease agreement. All of these matters were withdrawn or dismissed for various reasons. In July 2010, plaintiff commenced this action seeking, as relevant here, damages resulting from defendants' occupation of the premises. Supreme Court granted, with prejudice, defendants' subsequent motion to dismiss the complaint pursuant to CPLR 3211 (a) (5). Plaintiff now appeals and we affirm.

It is well settled that the doctrine of collateral estoppel bars a party from relitigating an issue that has already been decided against it (*see Buechel v Bain*, 97 NY2d 295, 303 [2001], *cert denied* 535 US 1096 [2002]; *Kedik v Kedik*, 86 AD3d 766, 767 [2011]; *Matter of Frontier Ins. Co.*, 73 AD3d 36, 41 [2010]). Moreover, as a general rule, future litigation between parties arising from the same transaction is precluded following a valid final judgment in previous actions, even if a new action is based upon different theories or seeks a different remedy (*see Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]; *Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347 [1999]; *O'Connor v Demarest*, 74 AD3d 1522, 1523-1524 [2010]).

In the instant action, plaintiff alleged, among other things, that defendants were unjustly enriched by their alleged occupation of the premises beyond the lease's termination date, that defendants converted plaintiff's personal property, that plaintiff was entitled to recover the amount of any utility charges beyond the reasonable amount provided for in the lease and that plaintiff was entitled to a money judgment against the Nicchis based upon their guarantee of the lease. However, plaintiff previously asserted before Albany City Court that, among other things, defendant had failed to abide by the terms of the lease by failing to make the required rent payments and operating a banquet facility and a commercial kitchen, and causing plaintiff to incur "unreasonable expenses" for basic utilities. Notably, City Court (Stiglmeier, J.) conducted a full trial based on these and other issues in a previous eviction proceeding and determined that defendant timely and properly tendered rent payments from December 2007 through March 2008. City Court also found that further attempts by defendant to pay rent were rendered futile by plaintiff's clear intention to no longer accept payments and rejected plaintiff's argument that defendant used the premises for purposes other than those set forth in the lease. In a subsequent eviction proceeding, City Court found that defendant had properly renewed its lease with plaintiff for

a five-year term beginning in January 2009 and determined that plaintiff's demands to recover rent were procedurally defective.

The complaint here sets forth virtually identical causes of action as some of those previously litigated in and decided by City Court. Thus, plaintiff is estopped from relitigating them in Supreme Court.* To the extent that the instant complaint does raise a new issue with regard to the Nicchis' liability as guarantors of the lease, such claim is insufficient to prevent dismissal of the complaint. Inasmuch as defendant was found to have fully complied with the terms of the lease, the condition precedent to compelling the Nicchis to remit payment on defendant's behalf has not occurred. Thus, Supreme Court properly dismissed the complaint on the basis that plaintiff was collaterally estopped from relitigating these same issues against defendants. Finally, to the extent that plaintiff asserts new allegations of defendant's breach of different provisions of the lease during the same time period encompassed by its previous actions against defendants, such allegations are also precluded by the doctrine of res judicata as they could have been raised in the prior litigation (*see Matter of Josey v Goord*, 9 NY3d at 389-390; *UBS Sec. LLC v Highland Capital Mgt., L.P.*, 86 AD3d 469, 474 [2011]).

Plaintiff's remaining contentions have been considered and are unavailing.

Mercure, A.P.J., Lahtinen, Spain and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.

---

* Contrary to plaintiff's contention, this determination does not prevent it from bringing a proper proceeding to recover unpaid rent.