■ In the Matter of DANIEL FELDMAN, Appellant, v PLANNING BOARD OF THE TOWN OF ROCHESTER et al., Respondents. [952 NYS2d 824]—

Spain, J.

In 2004, respondent Planning Board of the Town of Rochester issued respondents Real Escapes Property, LLC and Simone Harari (hereinafter collectively referred to as respondents) a special use permit to expand the use and size of a residentially-zoned (R-1) historic residence located on Kyserike Road in Ulster County from an existing home-based spa into a membership club spa, including a 500-foot addition to the house. The Town's zoning ordinance was amended in 2009, changing the zoning of the property to AR-3 residential agricultural district and removing the definition of a "club membership." In 2010, respondents applied for a special use permit to expand the spa facility, which then constituted a preexisting nonconforming use in an AR-3 zoned district. In October 2010, the Planning Board granted the special use permit with specified conditions and modifications and petitioner, an adjacent neighbor, commenced a CPLR article 78 proceeding against the Planning Board and

respondents seeking to annul the 2010 special use permit and the State Environmental Quality Review Act (hereinafter SEQRA) negative declaration. Petitioner argued that the requested expansion of the nonconforming use violated the Town's zoning ordinance in several respects and was irrational and arbitrary and capricious; he also contended that the Planning Board violated the Open Meetings Law and failed to comply with SEQRA.

Supreme Court issued a written decision which rejected as meritless all but two of petitioner's contentions, rejecting the claims of zoning violations, and held that the Planning Board's issuance of the permit was rationally supported by the evidence. However, the court agreed that the Planning Board had violated the Open Meetings Law and failed to take the requisite "hard look" at the environmental impact of the proposal, particularly by failing to consider the pond expansion and the impact upon the wetlands located on the property. On that basis, the court partially granted the relief in the petition, annulling the negative declaration and the special use permit. Petitioner did not appeal that judgment.

Respondents thereafter submitted revised environmental forms and assessments addressing the environmental impact of the proposed expansion and, in October 2011, the Planning Board approved the special use permit subject to slightly modified terms and conditions. Petitioner then commenced the instant CPLR article 78 proceeding to annul the Planning Board's 2011 approval of the special use permit, again arguing that the proposed expansion violated the Town of Rochester Zoning Code and that the Planning Board's approval was arbitrary and capricious, among other points. Petitioner did not challenge the environmental review. Supreme Court granted motions by the Planning Board and respondents to dismiss the proceeding, finding that petitioner's claims are barred by res judicata and collateral estoppel. Petitioner now appeals.

We are not persuaded by petitioner's arguments that Supreme Court erred in dismissing the instant CPLR article 78 proceeding challenging the 2011 special use permit approval based upon principles of res judicata and collateral estoppel, given the issues raised (or raisable) and decided in the prior special proceeding between the parties involving the same permit application to expand the use of the subject property. "Res judicata will bar litigation of a claim that was either raised, or could have been raised, in a prior [proceeding] provided that the party to be barred had a full and fair opportunity to litigate any cause of action arising out of the same transaction and the prior disposi-

tion was a final judgment on the merits" (*Kinsman v Turetsky*, 21 AD3d 1246, 1246 [2005], *lv denied* 6 NY3d 702 [2005] [citations omitted]; *see Matter of Martin v Central Off. Review Comm. of N.Y. State Dept. of Correctional Servs.*, 69 AD3d 1237, 1238 [2010]). That is, provided the proceedings involved the same subject matter, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *see Matter of Josey v Goord*, 9 NY3d 386, 389-390 [2007]). Similarly, collateral estoppel "proscribes the relitigation of issues finally [and necessarily] determined in a prior proceeding so long as the parties were afforded a full and fair opportunity to litigate those issues in the prior proceeding" (*Matter of Hassig v New York State Dept. of Envtl. Conservation*, 6 AD3d 1007, 1008 [2004], *lv dismissed and denied* 3 NY3d 736 [2004]; *see Buechel v Bain*, 97 NY2d 295, 303-304 [2001], *cert denied* 535 US 1096 [2002]; *see See Why Gerard, LLC v Gramro Entertainment Corp.*, 94 AD3d 1205, 1206 [2012]; *Matter of Martin v Central Off. Review Comm. of N.Y. State Dept. of Correctional Servs.*, 69 AD3d at 1238).

Supreme Court correctly determined that the issues raised in the current proceeding had already been raised, or could have been raised, in the prior proceeding, that petitioner had a full and fair opportunity in that prior proceeding to litigate any cause of action there, and that a final judgment on the merits had been issued (*see Kinsman v Turetsky*, 21 AD3d at 1246-1247). The prior proceeding determined that the use proposed in the special use permit application was a lawful, permissible expansion of a preexisting nonconforming use that did not violate zoning laws or the comprehensive plan and that the Planning Board's issuance of the permit was rationally based and not arbitrary and capricious. The permit was annulled only because of the SEQRA noncompliance, and petitioner does not now challenge the subsequent environmental review and approval underlying the Planning Board's issuance of the instant 2011 permit. The zoning ordinance and comprehensive plan were not modified in any relevant respect since the prior proceeding, and the Planning Board rationally concluded that the permit application itself had not been substantially modified or expanded and that the modifications to the site plan and permit were "the result of the SEQRA review of [the] environmental significance [and impact mitigation] of the project." That is, the proposed uses and intensity of activities in the permit application remained the same and were approved by the court in the prior proceeding, and issues such as noise, traf-

fic, parking, lighting and the scope of special events had previously been raised and addressed.

The 2011 special use permit now challenged did not, as petitioner contends, expand the scope of the uses or the intensity of activities; rather, this permit added conditions designed to *mitigate* the environmental impact* of the permissible uses, related to noise, traffic, lighting, landscaping, access, wetlands and parking. Thus, the same claims raised here were or could have been raised in the prior proceeding, barring the instant claims even to the extent they are based upon different theories or seek a new remedy (*see O'Brien v City of Syracuse*, 54 NY2d at 357).

Further, the zoning and other issues related to the activities and uses proposed in the permit were necessarily decided in the prior proceeding; they were not dicta, as petitioner argues. Had Supreme Court determined previously that the requested uses violated zoning or were not a lawful expansion of the preexisting nonconforming use, no further environmental review would have occurred or resulted in the issuance of the new permit in 2011 (*see Buechel v Bain*, 97 NY2d at 304).

We also find meritless petitioner's claim that application of the doctrines of res judicata and collateral estoppel are unfair or incorrect on the premise that he could not have appealed Supreme Court's prior judgment because he was not aggrieved by it. Initially, CPLR article 78 review of the Planning Board's 2010 grant of the special use permit was appropriate, as the Planning Board had reached a definite position on the application that inflicted an actual, concrete injury on petitioner; thus, its administrative determination was final and binding (*see* CPLR 7801 [1]; *Matter of Best Payphones, Inc. v Department of*

---

* For example, in the conditions set forth in the new permit, the outdoor meditation pavilion is required to be enclosed and a six-foot solid privacy fence is to be constructed on the subject parcel's border with petitioner's property, both intended to mitigate noise. The original proposal to expand the main building is reduced, and the number of events allowed in the outdoor enclosed pavilion is reduced from 16 to 12, and amplified noise is limited to the interior of the pavilion. The hours in which special events are allowed in the pavilion remained the same (9:00 a.m. to 11:00 p.m.), and the maximum occupancy for the pavilion was not established (it had been 200 people in the 2010 permit), leaving the code enforcement officer to determine the maximum occupancy for each structure. Six-foot evergreen trees are required to shield the parking lots, which are expanded to accommodate the anticipated parking needs for special events. The remaining modifications pertain either to accommodating environmental or historic concerns and are not challenged here. In our view, Supreme Court correctly concluded that the incidental mitigation modifications and conditions imposed in the new permit did not undermine the applicability of the res judicata and collateral estoppel doctrines.

*Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005]; *see also Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194-195 [2007]; *Matter of Properties of N.Y., Inc. v Planning Bd. of Town of Stuyvesant*, 35 AD3d 941, 942-943 [2006]).

Moreover, petitioner was aggrieved by Supreme Court's prior judgment (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545 [1983]). While that determination annulled the special use permit, it did so only based upon SEQRA noncompliance, allowing for further environmental review of the application. Petitioner was prejudiced by the denial of complete relief—i.e., by the denial of his claims that the proposed uses violated the zoning ordinance and were an unlawful, impermissible expansion—which, if granted, would have precluded any further administrative consideration of the application (*see Mixon v TBV, Inc.*, 76 AD3d 144, 148-149 [2010]). Indeed, "an appeal may be taken when the judgment does not grant complete relief to the successful party [w]hen, for example, a specific finding at [the] trial [level] might prejudice a party in a future proceeding by way of collateral estoppel" (*Lincoln v Austic*, 60 AD2d 487, 490 [1978], *lv denied* 44 NY2d 644 [1978] [citation omitted]). Thus, while petitioner was partially successful in the prior special proceeding, he was nonetheless aggrieved by Supreme Court's judgment and had the right to appeal therefrom and should have done so given its preclusive effect in future proceedings (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d at 148-149). Consequently, petitioner has failed to meet his burden, as the party to be precluded from relitigating the issues presented, of demonstrating "the absence of a full and fair opportunity to contest the prior determination" (*Buechel v Bain*, 97 NY2d at 304). Accordingly, Supreme Court properly granted the motions and dismissed the petition.

Rose, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, without costs.