## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  July 10, 2014                    517657
_____

JAMIE E. TOVAR,
                    Appellant,

          v                                    MEMORANDUM AND ORDER

TESOROS PROPERTY MANAGEMENT,
    LLC., et al.,
                    Respondents.
_____


Calendar Date:  May 30, 2014

Before:  Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____


        Charny & Associates, Rhinebeck (Nathaniel K. Charny of
counsel), for appellant.

        Englert, Coffey, McHugh & Fantauzzi, LLP, Schenectady
(Peter V. Coffey of counsel), for respondents.

_____


Stein, J.P.

        Appeal from an order of the Supreme Court (Platkin, J.),
entered December 28, 2012 in Albany County, which granted
defendants' motion to dismiss the complaint.

        In 2007 and 2008, plaintiff was employed by defendants
Charles Herman and Gloria Herman, the owners and operators of
defendant Tesoros Property Management, LLC, to perform remodeling
work pursuant to an oral understanding.  In October 2008,
plaintiff commenced a small claims action against Tesoros in
Schenectady City Court for unpaid wages for work from June 2008
through August 2008.  After considering the parties' testimony,
City Court dismissed the claim.  More than three years later,
plaintiff commenced this action against defendants seeking unpaid

wages for work that he allegedly performed between August 2007 and March 2008.  Defendants moved to dismiss the complaint, contending, among other things, that the claim was barred by res judicata (see CPLR 3211 [a] [5]).  Supreme Court agreed with defendants, granted the motion and dismissed the complaint.  This appeal by plaintiff ensued and we affirm.

We reject plaintiff's contention that City Court's judgment does not preclude this claim because plaintiff now seeks recovery of unpaid wages for a different period of time than the time for which he sought to recover in the small claims action. Under the doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; see Matter of Josey v Goord, 9 NY3d 386, 389-390 [2007]; Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 347 [1999]), so long as "the party to be barred had a full and fair opportunity to litigate any cause of action arising out of the same transaction and the prior disposition was a final judgment on the merits" (Kinsman v Turetsky, 21 AD3d 1246, 1246 [2005], lv denied 6 NY3d 702 [2005]; see Matter of Feldman v Planning Bd. of the Town of Rochester, 99 AD3d 1161, 1162-1163 [2012]).  Thus, where those requirements have been met, if "a plaintiff in a later action brings a claim for damages that could have been presented in a prior [action] against the same party, based upon the same harm and arising out of the same or related facts, the claim is barred by res judicata" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d at 347-348 [emphases added]; see Matter of Hunter, 4 NY3d 260, 269 [2005]; See Why Gerard, LLC v Gramro Entertainment Corp., 94 AD3d 1205, 1207 [2012]; Rowley, Forrest, O'Donnell & Beaumont, P.C. v Beechnut Nutrition Corp., 55 AD3d 982, 984 [2008]).  Stated another way, "when a plaintiff brings an action for only part of his [or her] cause of action, the judgment obtained in that action precludes him [or her] from bringing a second action for the residue of the claim" (Stoner v Culligan, Inc., 32 AD2d 170, 171-172 [1969]; see Sannon-Stamm Assoc., Inc. v Keefe, Bruyette & Woods, Inc., 68 AD3d 678, 678 [2009]; Lanuto v Constantine, 215 AD2d 946, 947 [1995]).

Here, the record reflects that plaintiff had a full opportunity to litigate the issues relating to his small claim for unpaid wages in City Court and such court's disposition was a final decision on the merits. It is also evident that the claim brought by plaintiff in City Court and the instant action arise out of the same series of transactions in connection with his work for defendants. Although the present action concerns wages allegedly owed for a different time period than the City Court claim, inasmuch as it had matured at the time that plaintiff commenced the prior action (see 2B Carmody-Wait § 16:2; compare Sannon-Stamm Assoc., Inc. v Keefe, Bruyette & Woods, Inc. 68 AD3d at 678), plaintiff could have also raised the current claim at that time (see See Why Gerard, LLC v Gramro Entertainment Corp., 94 AD3d at 1207; Kinsman v Turetsky, 21 AD3d at 1247; Matter of Carella v Collins, 272 AD2d 645, 647 [2000]) and was not entitled to split his claim for unpaid wages into separate actions (see Swiss Hamlet Homeowners Assoc., Inc. v Souza, 13 Misc 3d 87, 88 [2006]; see also Yarmosh v Lohan, 16 Misc 3d 1119[A], 2007 NY Slip Op 51513[U] [Dist Ct, Suffolk County 2007]; 2B Carmody-Wait 2d §§ 16:1; 16:6).

Plaintiff's further contention that UCCA 1808 deprives City Court's judgment of any res judicata effect is also unavailing. We subscribe to the view that the language of this statute, as amended in 2005, only prevents small claims judgments from having issue preclusion effect (collateral estoppel), but not from having claim preclusion effect (res judicata), in subsequent actions (see Merrimack Mut. Fire Ins. Co. v Alan Feldman Plumbing & Heating Corp., 102 AD3d 754, 754-755 [2013]; Gerstman v Fountain Terrace Owners Corp., 31 Misc 3d 148[A] [2011]; cf. McGee v J. Dunn Constr. Corp., 54 AD3d 1010 [2008]; Katzab v Chaudhry, 48 AD3d 428 [2008]; see also UDCA 1808; Gore v Mackie, 278 AD2d 879, 880 [2000]; Assembly Sponsor's Mem, Bill Jacket, L 2005, ch 443, at 3; David D. Siegel, 1995 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, UCCA 1808, 2014 Pocket Part at 289; Siegel, NY Prac § 585 at 1044-1045 [5th ed 2011]; 73A NY Jur 2d, Judgments § 439). As the elements of res judicata were otherwise satisfied here, Supreme Court correctly dismissed the complaint on that basis. Plaintiff's remaining contentions are either without merit or have been rendered academic by this decision.

McCarthy, Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, with costs.



ENTER:

Robert D. Mayberger
Clerk of the Court